# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JAMES ALLEN RICHARDSON**                                          **PETITIONER**

vs.                                                      **NO.: 1:11cr28-MPM-DAS-1**

**UNITED STATES OF AMERICA**                                      **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se motion of federal prisoner, James Allen Richardson, Petitioner in this action, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the motion, to which Petitioner has failed to reply. Having considered the motion, the response, and the record, the Court **DENIES** the motion, for the reasons that follow.

### Facts and Procedural Posture

Petitioner was indicted on February 24, 2011 in a one count indictment for knowingly using Yahoo internet messaging to attempt to persuade, induce, or entice a minor to engage in sexual activity with him, which would constitute crimes of statutory rape or sexual battery. A superseding indictment for essentially the same charges was entered on March 23, 2011. Petitioner, with the assistance of counsel, entered into a written plea agreement on July 7, 2011, agreeing to plead guilty to the sole count in the superseding indictment, a violation of 18 U.S.C. § 2422(b), which carries maximum possible penalties of not less than 10 years and not more than life imprisonment, a $250,000 fine, not less than 5 years and not more than life supervised release, and a special assessment of $100.00. On October 26, 2011, Petitioner was sentenced to a

1

term of 120 months imprisonment and 8 years supervised release, and he was ordered to pay the $100.00 special assessment. Judgment was entered on November 1, 2011.

On November 30, 2012, Petitioner submitted an unsigned, undated motion to vacate his sentence that was largely illegible and incomprehensible. The Court entered an order allowing Petitioner twenty-one days within which to amend his motion to cure the deficiencies, also noting that Petitioner initially failed "to explain why the one-year statute of limitations contained in § 2255 does not bar the instant motion[.]" Petitioner submitted an amended motion to vacate on January 8, 2013, in which he alleges two grounds for relief: (1) that counsel rendered ineffective assistance in failing to explain prior to his plea that the defenses of entrapment and withdrawal were available to him; and (2) that the Government illegally searched his vehicle, encouraged his illegal conduct after he attempted to abandon it, and entrapped him.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). He may challenge his conviction or sentence after it is final by moving to "vacate, set aside, or correct the sentence" under 28 U.S.C. § 2255. Relief under § 2255 is reserved, however, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). When an issue is raised for the first time on collateral review, a petitioner must ordinarily show both cause for his default and actual prejudice resulting from the alleged error. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

2

An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992); *see also* § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Therefore, if there is no "independent indicia of the likely merit" of the allegations made in the motion, then no hearing is required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

## Discussion

Motions under § 2255 are subject to the one-year statute of limitations commencing from the latest of the times set forth in § 2255(f)(1)-(4). These times are:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment was entered on November 1, 2011, and he did not pursue a direct appeal. His conviction became final for purposes of § 2255 when the time expired for him to file a timely appeal, which was fourteen days following the date judgment was entered against him. *See, e.g., United States v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008); Fed. R. App. P. 4(b)(1). Therefore, Petitioner's conviction became final and the one-year statute of limitations began to run on November 15, 2011, and his § 2255 motion should have been filed on or before

3

November 15, 2012, in order to be timely. Because Petitioner did not file his original § 2255 motion until November 30, 2012, the instant motion is untimely and must be dismissed unless Petitioner demonstrates that one of the exceptions contained in § 2255(f)(2)-(4) is applicable.[1]

Petitioner argues that, once he reviewed the evidence against him, he believed that the Government either mishandled the evidence or used someone else's evidence against him. (*See* Mot. at 2-3). He claims that he would not have pleaded guilty if he had been aware of the evidence. However, the limitations period in § 2255(f)(4) begins to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner fails to mention any relevant date of when he learned of any new facts that might support his claims, and, therefore, he fails to satisfy the exception in § 2255(f)(4). As such, his motion is untimely and must be dismissed unless equitable tolling is applicable.

The doctrine of equitable tolling is permitted to toll a statute of limitations "in rare and exceptional circumstances." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (citation omitted). Equitable tolling is available only if Petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (citation and quotation marks omitted). Typically, equitable tolling is reserved for those situations where the movant has attempted to actively pursue his remedies during the statutory period or where there has been

---

[1] The Court recognizes that Petitioner's initial motion was constructively filed on the day it was delivered to the prison authorities for mailing. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). However, as the motion is unsigned, the Court uses the date of receipt by this Court.

some misconduct by an adversary that tricked the movant into missing the deadline. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In this case, Petitioner does not even argue that he has diligently pursued his rights or that some extraordinary circumstance prevented a timely filing of his motion. Therefore, the Court finds that Petitioner's motion is barred by the one year statute of limitations, and equitable tolling is not applicable to his claims.

The Court further finds that, even if the instant motion were timely, Petitioner would not be entitled to relief, as his claims are without merit.

Petitioner's first ground for relief is based on his claim that counsel rendered ineffective assistance, and that he would have either gone to trial or received a plea offer for a charge without a mandatory minimum sentence but for counsel's "unreasonable choices." Because Petitioner entered a guilty plea that waived all non-jurisdictional defects in this case, he has waived all claims of ineffective assistance except those that relate to the voluntariness of his guilty plea. *See United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). In order to prevail on his claim of ineffective assistance as it relates to his plea, Petitioner must show that, absent counsel's errors, there is a reasonable probability that he would have not pleaded guilty and would have insisted upon going to trial. *Id*.

Petitioner has produced no evidence, other than the instant motion, that counsel failed to inform him of viable defenses, or that he would not have pleaded guilty if he had reviewed discovery in the case. Attached to the Government's response to the instant motion is an affidavit from Petitioner's attorney, L.N. Chandler Rogers, stating that he discussed possible defenses and legal strategies with Petitioner prior to the plea, and that he reviewed discovery with him. (*See* Gov't Response, Ex. 1). Also attached is the affidavit of Rogers' paralegal and legal

5

secretary, Erin Roberts, who swears that she personally observed Rogers review evidence with Petitioner and discuss his case. (*Id.*, Ex. 2). Petitioner has failed to challenge these affidavits or otherwise show merit to his claim, and it will be dismissed. *See, e.g., Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.").

Additionally, the Court finds that Petitioner has not submitted proof that he would have not been found guilty or been sentenced to a lesser charge if he had gone to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (finding that, when alleged error is counsel's failure to advise of potential defenses to the crime charged, the resolution of the claim depends largely on whether the affirmative defense would have succeeded at trial). The report of Lee County Investigator, Joseph Giroux, states that Petitioner, after waiving his *Miranda* rights, admitted that he had traveled to Saltillo, Mississippi, to meet a 15 year old female and engage in sexual acts with her. (*See* Gov't Response, Ex. 3). Petitioner did not object to these conclusions prior to pleading guilty, and the evidence shows that he would have been found guilty at trial. Petitioner's bare assertions are insufficient to demonstrate that counsel performed deficiently, and that his deficient performance prejudiced Petitioner's defense. *See Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). This claim will be dismissed.

Petitioner's second ground for relief is based on his allegations of Government misconduct. He claims that officers only obtained consent to search his vehicle by pointing a loaded rifle at him, and that he attempted to abandon his criminal conduct but was entrapped by law enforcement officers. The Court finds that Petitioner entered an unconditional guilty plea in this case, thereby waiving all non-jurisdictional defects in the criminal proceeding. *See United*

6

*States v. Sealed Appellant*, 526 F.3d 241, 242 (5th Cir. 2008). Therefore, he has waived this argument.

Additionally, because he raises his claims of misconduct for the first time in this motion, Petitioner must otherwise show cause for his failure to raise it on direct appeal and resulting prejudice, or he must show that he is actually innocent of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999) (quotation marks and citation omitted). Petitioner has offered no cause for his failure to raise these known issues prior to signing his plea agreement, nor does he offer cause for failing to raise this issue on direct appeal. He likewise fails to establish that has suffered "actual prejudice" as a result. Petitioner merely makes allegations of alleged misconduct with nothing other than the statements in his motion to support his claims. The record evidence, however, demonstrates that Petitioner initiated contact with someone he believed to be a minor for the purpose of having sex with her. Petitioner's claims are denied.

**Certificate of Appealability**

An appeal cannot be taken from a final order adverse to a habeas applicant unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not filed a notice of appeal, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims rejected on their merits, Petitioner may obtain a COA by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). As to claims rejected on procedural grounds only, Petitioner may obtain a COA by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The Court finds that Petitioner cannot satisfy at least one of the *Slack* criteria, and a COA will not issue in this case.

**Conclusion**

Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his pending motions (doc. entry no. 33, 35) are **DENIED**. A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 5th day of March, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**