IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JAMES ALLEN RICHARDSON**   **PETITIONER**

**V.**   **NO.: 1:11cr28-MPM-DAS-1**

**UNITED STATES OF AMERICA**   **RESPONDENT**

## ORDER TRANSFERRING CASE TO THE
## FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the Court, *sua sponte*, for consideration of the transfer of this cause. James Allen Richardson has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to vacate his federal guilty plea and resulting sentence.

On July 7, 2011, Richardson, with the assistance of counsel, entered into a written agreement to plead guilty to knowingly using internet messaging to attempt to entice a minor to engage in sexual activity with him. On October 26, 2011, Richardson was sentenced to a term of 120 months imprisonment and 8 years supervised release, and he was ordered to pay the $100.00 special assessment. Thereafter, in 2012, Richardson filed a motion to vacate the judgment pursuant to 28 U.S.C. § 2255, which was ultimately denied as untimely and otherwise as lacking merit. The Court denied Richardson's subsequent motion to amend the judgment, and it denied Richardson a certificate of appealability. He appealed the Court's decision, but the Fifth Circuit dismissed the appeal for Richardson's failure to timely pay the docketing fee.

Now, through counsel, Richardson has filed the instant petition under 28 U.S.C. § 2241, maintaining that his mental state at the time of his 2011 guilty plea prevented him from entering a knowing and voluntary guilty plea. Typically, § 2241 petitions "challenge the manner in which a sentence is executed." *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001).

In this instance, Richardson is not attacking the execution of his sentence, but rather, his guilty plea. Therefore, he may obtain relief under § 2241 only by meeting the requirements of the savings clause of 28 U.S.C. § 2255, which allows a federal prisoner to attack the legality of his conviction or sentence in a § 2241 petition if he can show that the remedies provided under § 2255 are "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Reyes-Requena*, 243 F.3d at 901. Under the savings clause, Richardson may proceed with his petition under § 2241 only if he shows that (1) his claims are based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. Richardson has met neither of these requirements, and the Court cannot, therefore, construe his claims under § 2241 using the savings clause of § 2255.

As previously noted, Richardson has already filed an unsuccessful § 2255 motion. Because his challenge to the voluntariness of his plea could have raised in his earlier motion, this action is successive. *See, e.g., United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The Antiterrorism and Effective Death Penalty Act requires that an applicant seeking to file a second or successive petition first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Richardson has not obtained such an order. Rather than dismissing the petition on this basis, however, the Fifth Circuit has allowed district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED**:

1) That this petition shall be transferred to the Fifth Circuit Court of Appeals for Richardson to seek permission to file this successive § 2255 petition;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(C), and *In re Epps*, 127 F.3d at 365; and

3) That this case is **CLOSED**.

**THIS** the 11th day of August, 2015.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**